**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 95-5055

REGINALD BOONE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Henry C. Morgan, Jr., District Judge.
(CR-92-113)

Submitted: January 23, 1996

Decided: August 16, 1996

Before WILKINSON, Chief Judge, and WIDENER and
WILLIAMS, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

Patrick H. O'Donnell, KAUFMAN & CANOLES, Norfolk, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, Laura M.
Everhart, Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Reginald Boone appeals his sentence imposed by the district court on remand from this court's decision in United States v. Harris, 39 F.3d 1262 (4th Cir. 1994).**1** We vacate Appellant's conviction on Count 36, affirm the remainder of Appellant's convictions, and remand for resentencing.

Appellant first claims that the district court erred in sentencing him as a career offender under § 4B1.1 of the Sentencing Guidelines.**2** However, Appellant failed to raise this objection at either of his two sentencing hearings. See United States v. Terry , 916 F.2d 157, 162 (4th Cir. 1990). Therefore, we review only for plain error. United States v. Olano, 507 U.S. 725, ___, 61 U.S.L.W. 4421, 4423 (U.S. Apr. 26, 1993) (No. 91-1306). Although Appellant points out some ambiguity in the Presentence Report (PSR), he makes no proffer of evidence contradicting the Government's claim that his prior felony drug convictions are unrelated as defined by USSG§ 4A1.2(a)(2), because they were separated from each other by an arrest. Accordingly, we find no "clear" or "obvious" error in the sentencing court's adoption of the PSR. Olano, 61 U.S.L.W. at 4424.

Appellant notes a related objection to the district court's adoption of the PSR's criminal history calculations. However, Appellant's career offender status sets his criminal history category at VI. See USSG § 4B1.1. Accordingly, his appeal on this issue is mooted by our finding that he was properly sentenced as a career offender.

_____

**1** The facts surrounding Appellant's conviction and sentence are detailed in Harris, and need not be repeated here.

**2** United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

Finally, Appellant contends that his convictions on Counts 27 and 36 for use of a firearm during a drug trafficking crime, 18 U.S.C.A. § 924(c) (West Supp. 1996), are improper in light of the Supreme Court's decision in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448, 94-7492), which was decided during the pendency of this appeal. As the Government concedes in its supplemental brief, the facts underlying Appellant's conviction on Count 36 are virtually indistinguishable from the facts of Bailey, and Appellant's conviction was premised on a definition of "use" expressly forbidden by the Supreme Court in that case. We find that Bailey applies to cases on appeal; accordingly, we vacate Appellant's conviction on Count 36 and remand for resentencing.**3**

We find meritless, however, Appellant's contention that his conviction on Count 27 is improper in light of Bailey . As we noted in Appellant's first appeal, an exchange of drugs for a firearm constitutes "use." See Smith v. United States, 508 U.S. 223 (1993). We hold that Bailey does not undermine the continuing validity of Smith. Therefore, we affirm Appellant's conviction on Count 27.

We affirm in part, vacate in part, and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED
_____

**3** In light of our order vacating Appellant's conviction on Count 36, we need not reach his contention that he should not have received separate, consecutive sentences on his two § 924(c) convictions.

3